UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OMAR SUMPTER,

          Plaintiff,          Case No. 12-cv-13958
                                                  Honorable Paul D. Borman
                                                  Magistrate Judge David R. Grand

   v.

MARILYN E. ATKINS, Judge, in her
individual and official capacity,
ABED HAMMOUD, in his individual
and official capacity,
ALLEN COX, IV, in his individual and
official capacity,

          Defendants.
_____/

## REPORT AND RECOMMENDATION TO GRANT DEFENDANT'S MOTION TO DISMISS [5]

**I.    RECOMMENDATION**

Before the court is defendant Marylin E. Atkins's ("defendant") Motion to Dismiss Plaintiff's Complaint pursuant to FRCP 12(b)(6), Failure to State a Claim [5] ("Motion"), which has been referred to this court for a Report and Recommendation pursuant to 28 U.S.C. § 626(b)(1)(B). Upon consideration of the Motion and plaintiff Omar Sumpter's ("plaintiff") response in opposition thereto [17] ("Response"), the court, for the reasons set forth below, RECOMMENDS GRANTING the Motion [5].

**II.    REPORT**

    **A.    Background**

Plaintiff brings this suit *pro se* under 42 U.S.C. § 1983, alleging that his arrest and prosecution for various state-law offenses violated his rights under the Fourth, Fifth, Sixth, and

Fourteenth Amendments. (Compl. ¶ 9). Plaintiff seeks relief for these alleged violations from, *inter alia*, defendant, the State of Michigan 36th District Court judge who issued the warrant for his arrest. Defendant moves to dismiss under Federal Rule of Civil Procedure 12(b)(6), asserting judicial immunity to plaintiff's claims against her.[1]

On September 20, 2007, defendant, in her capacity as a state district court judge, was presented with a criminal felony complaint charging plaintiff with various offenses in connection with an alleged conspiracy to commit deed fraud. (Compl. ¶¶ 17 & 19, Ex. A). At the bottom of the criminal complaint, it states: "Warrant authorized on 9/20/07 by Abed Hammoud," the prosecuting attorney, and it is signed by Mr. Hammoud. (Compl. ¶ 7, Ex. A). The criminal complaint's first page identifies Deputy Allen A. Cox of the Wayne County Sheriff's Department as the "complaining witness," although at the bottom of the criminal complaint, the line for "Complaining witness signature" is blank. (Compl. ¶ 8, Ex. A). Nevertheless, the criminal complaint bears defendant's signature and affirms that it was "[s]ubscribed and sworn before" her on September 20, 2007. (Compl. ¶ 61, Ex. A). Defendant also issued a warrant for plaintiff's arrest. (Compl. ¶¶ 29 & 35).

Ultimately, plaintiff was tried and convicted by a jury in Michigan circuit court for certain of the charges brought against him; he was incarcerated from December 3, 2008 through

---

[1] For the purposes of this Motion, the court takes as true all well-pleaded factual allegations in plaintiff's complaint [1] and construes all reasonable inferences from those allegations in plaintiff's favor. *Smith v. Wyeth, Inc.*, 657 F.3d 420, 423 (6th Cir. 2011). Complaints of *pro se* litigants are construed more liberally than those drafted by attorneys. *West v. Adecco Emp't Agency*, 124 F. App'x 991, 992 (6th Cir. 2005) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). The following facts are taken from plaintiff's complaint and the exhibits attached thereto. *See Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 335 (6th Cir. 2007) ("[D]ocuments attached to the pleadings become part of the pleadings and may be considered on a motion to dismiss." (citing Fed. R. Civ. P. 10(c))). To the extent a factual assertion in the complaint is inconsistent with one of the exhibits attached in support, this court accepts the facts as stated in the attached exhibit. *See Williams v. CitiMortgage, Inc.*, No. 11-3431, 2012 WL 3834776, at *4 (6th Cir. Sept. 4, 2012).

December 3, 2009, then served one-year term of parole, and is no longer in state custody. (Compl. ¶¶ 3, 13, 20-21).

On September 7, 2012, plaintiff filed the present suit against defendant, as well as Hammoud and Cox, claiming malicious prosecution and conspiracy to prosecute, and seeking at least $2,250,000 in compensatory damages and $4,500,000 in punitive damages. (Compl. Prayer for Relief). As to defendant, plaintiff alleges that she, "acting as a district judge . . . is in fact personally liable" for her decision to issue a warrant for plaintiff's arrest because "no 'complaint', or 'positive statement' upon oath by a complaining witness, complainant or authorized officer was presented to" her that would provide adequate support for such a warrant to be issued. (Compl. ¶¶ 27, 34). According to plaintiff, "there was no probable cause established anywhere on the document complaint, or in [defendant's] presence in any record form or manner upon oath or affirmation or any sworn affidavit in support of a complaint," and "[h]ad defendant . . . procured an oath or affirmation or positive statement thereof, it would have been easily determined that no mortgage lender and no seller as listed on the face of [the] complaint and under sworn oath or sworn statement by affidavit, provided any accusation, in any form or manner against plaintiff to support or corroborate the offenses as listed on the face of the complaint document." (Compl. ¶¶ 61, 30).

On September 28, 2012, defendant filed the instant Motion, arguing that plaintiff's claims are "completely barred by judicial immunity" because her "only involvement with the underlying criminal action was the issuance of the warrant," an act that "fall[s] squarely within her judicial capacity" and her jurisdiction as a state district court judge. (Mot. at 4-5, 6). Plaintiff filed his Response on October 16, 2012, asserting that judicial immunity does not apply here because defendant, by signing and issuing the arrest warrant "without a sworn oath," performed an act

outside of both her judicial capacity and her jurisdiction. (Resp. at 14).

### B.     Legal Standard

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests a complaint's legal sufficiency. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (*citing Twombly*, 550 U.S. at 556). Put another way, the complaint's allegations "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (citing *Twombly*, 550 U.S. at 555-56). While a *pro se* plaintiff's complaint is to be construed liberally, it "still must plead sufficient facts to show a redressable legal wrong has been committed." *Baker v. Salvation Army*, No. 09-11424, 2011 WL 1233200, at *3 (E.D. Mich. March 30, 2011).

As noted above, in deciding whether a plaintiff has set forth a "plausible" claim, the court must accept the factual allegations in the complaint as true. *Bredesen*, 500 F.3d at 527; *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007). That tenet, however, "is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678; *see also Twombly*, 550 U.S. at 555; *Howard v. City of Girard, Ohio*, 346 F. App'x 49, 51 (6th Cir. 2009). Nor is a court is required to "create a claim which [a plaintiff] has not spelled out in his pleading." *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). Ultimately, "[d]etermining whether a complaint states a

plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

    **C.**    **Judicial Immunity**

Taking the factual allegations in the complaint as true, this court agrees with defendant that plaintiff's claims against her are barred by judicial immunity. As the Sixth Circuit recently summarized,

> It is well-established that judges enjoy judicial immunity from suits arising out of the performance of their judicial functions. State judges enjoy absolute immunity from liability under 42 U.S.C. § 1983. Judicial immunity exists even where a judge acts corruptly or with malice.
>
> Judicial immunity can be overcome under only two circumstances. First, a judge is not immune from liability for nonjudicial actions, *i.e.,* actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction.

*Leech v. DeWeese*, 689 F.3d 538, 542 (6th Cir. 2012) (internal quotation marks and citations omitted). "It is clear that judges in courts of limited jurisdiction (such as Michigan district judges) are entitled to the protection of the immunity doctrine." *Hewett v. City of Grand Rapids*, No. 1:12-cv-998, 2012 WL 5409790, at *4 (W.D. Mich. Oct. 15, 2012) (citing *White v. Gerbitz*, 892 F.2d 457, 462 (6th Cir. 1989)).

First, this court finds that the actions allegedly taken by defendant in this case were judicial in nature. "Whether an action is judicial depends on the nature and function of the act, not the act itself"—namely, "whether it is a function normally performed by a judge" and "whether the parties dealt with the judge in his or her judicial capacity." *Ireland v. Tunis*, 113 F.3d 1435, 1440-41 (6th Cir. 1997) (internal quotation marks omitted). As defendant correctly observes, plaintiff's allegations against her pertain strictly to her role in issuing a warrant for his arrest; the judicial nature of this conduct "cannot seriously be questioned." *Id.* at 1441.

5

Plaintiff argues, however, that "the inquiry here is whether or not Defendant Atkins was acting within her jurisdiction when she signed and issued the warrant [for] Plaintiff Sumpter's arrest." (Resp. at 13). According to plaintiff, defendant "never acquired jurisdictional authority" to issue such a warrant because the criminal complaint upon which it was based failed to make an adequate showing of probable cause and had not been properly substantiated by sworn testimony. (Resp. at 13).

This argument is unavailing. At the outset, the court notes that, while plaintiff asserts that his arrest warrant was issued "without a sworn oath" (Resp. at 14), the criminal complaint attached to his pleadings indicates that its substance was, in fact, "sworn to" before the court. (Compl. Ex. A). As noted above, when such a discrepancy exists between a party's allegations and an exhibit attached in support, the exhibit controls. *See supra* fn 1. Plaintiff does not speak to this discrepancy or otherwise elaborate upon his allegation; though he appears to be arguing that because the complaining witness' signature is missing on the criminal complaint, the document could not have been sworn to before the defendant. That is not necessarily the case, but it is not dispositive of this action, in any event.

More fundamentally, defendant's allegedly erroneous issuance of plaintiff's arrest warrant does not constitute an action "taken in the complete absence of all jurisdiction," such that immunity would not attach to it. *Leech*, 689 F.3d at 542 (quotation marks omitted). "[T]he scope of the judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Ireland*, 113 F.3d at 1441 (quoting *Stump v. Sparkman*, 435 U.S. 349, 356 (1978)). Furthermore,

> [O]nly in the absence of *subject matter jurisdiction* are judicial actors devoid of the shield of immunity. When, however, a court with subject matter jurisdiction acts where for example personal jurisdiction is lacking, judicial and prosecutorial absolute immunity remain intact. Even grave

6

> procedural errors or acts taken when no statute purports to confer on the court the authority purportedly exercised will not deprive a judge of judicial immunity.

*Leech*, 689 F.3d at 542-43 (6th Cir. 2012) (quoting *Stern v. Mascio*, 262 F.3d 600, 607 (6th Cir. 2001) (alterations and citations omitted)); *see, e.g.*, *Ireland*, 113 F.3d at 1441 (explaining that, "[f]or example, a criminal court judge would be immune from liability for convicting a defendant of a nonexistent crime, an act taken in excess of jurisdiction, whereas a probate court judge would not be immune for trying a criminal case, an act for which the probate judge clearly lacked all subject matter jurisdiction").

Defendant, as a sitting Michigan district court judge, plainly had subject matter jurisdiction to issue an arrest warrant of the sort in question here. *See* MCLA § 600.8317 ("The district court has the same power to issue warrants . . . as the circuit court now has or may hereafter have."). Defendant was still acting within the scope of this jurisdiction even if, as plaintiff alleges, she issued his arrest warrant based on a defective criminal complaint. *See, e.g.*, *Ireland*, 113 F.3d at 1443 (finding that § 1983 claim based on allegations of the improper issuance of an arrest warrant was barred by judicial immunity because, *inter alia*, "[r]egardless of whether we would . . . characterize the criminal complaint as completely lacking in factual support, this procedural flaw does not wholly deprive [the defendant judge] of his presumed jurisdiction to act upon the complaint" (citation omitted)); *Swanigan v. Davis*, Civil No. 2:08-CV-10544, 2008 WL 4534165, at *2 (E.D. Mich. Oct. 3, 2008) (noting that "a criminal court in Michigan does not lack jurisdiction over a criminal case merely because the criminal complaint was somehow defective" and rejecting the contention that "the trial court lacked jurisdiction over [petitioner's] criminal case, because the criminal complaint was filed against him was defective in that it lacked a signature from the police officer who arrested petitioner"); *Bentley v. Todd*,

No. 189110, 1997 WL 33354371, at *1 (Mich. Ct. App. Feb. 7, 1997) (finding "no basis" for the conclusion that the trial court lacked jurisdiction to issue an arrest warrant based on a defective complaint); *see also People v. Lown*, 794 N.W.2d 9, 23 (Mich. 2011) ("Subject matter jurisdiction concerns a court's abstract *power* to try a case of the kind or character of the one pending *and is not dependent on the particular facts of the case*." (internal quotation marks omitted)).

Plaintiff contends that *Hoppe v. Klapperich*, 28 N.W.2d 780 (Minn. 1947), suggests a different outcome. In *Hoppe*, the Minnesota Supreme Court concluded that a state municipal judge "[a]cted wholly outside his jurisdiction and in a nonjudicial capacity" when he "issued [a] warrant before any complaint had been made in writing," and thus was not entitled to judicial immunity for that action. *Id.* at 789. It is the law of Michigan, however, and not Minnesota, that determines whether defendant's alleged actions fell within her subject matter jurisdiction as a state district judge. Furthermore, there is no allegation here, as in *Hoppe*, that defendant issued a warrant without any written criminal complaint to support it; to the contrary, plaintiff has attached the criminal complaint to his pleadings, and has alleged it to be defective. *Hoppe* itself distinguishes these scenarios, and makes clear that "there was not even a colorable invocation of jurisdiction" in that case because of the complete "absence of a written complaint." 28 N.W.2d at 789 (noting that the defendant judge did not act "in mistaken reliance upon a written complaint that was defective in failing to state facts necessary constitute a criminal offense or upon a complaint that was merely irregular in not being properly verified") (citations omitted). Thus *Hoppe*, to the extent it is relevant, is fully consistent with the authority cited above.

Accordingly, this court finds that defendant's alleged actions in this case were judicial in nature and were not taken in the complete absence of all jurisdiction. Judicial immunity therefore bars plaintiff's claims against defendant.[2]

### III. CONCLUSION

For the foregoing reasons, the court **RECOMMENDS** that defendant Marilyn E. Atkins's Motion to Dismiss **[5]** be **GRANTED** and that plaintiff's complaint be **DISMISSED WITH PREJUDICE** as to her.

Dated: January 16, 2013  
Ann Arbor, Michigan

s/David R. Grand  
DAVID R. GRAND  
United States Magistrate Judge

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v.*

---

[2] In her briefing, defendant mentions, "as an aside," that plaintiff has waived his ability to object to the validity of his arrest warrant or underlying criminal complaint because the time for such objections "expires at the arraignment, where the Defendant first submits himself to the jurisdiction of the court and enters a plea." (Mot. at 5-6). It is not clear whether defendant intends to advance this waiver argument as an additional basis for dismissal of plaintiff's § 1983 claims against her; in light of the above finding of judicial immunity, this court need not reach the merits of any such argument. The court notes, however, that as a general rule, challenges to irregularities in a criminal complaint or arrest warrant are waived after a defendant is arraigned and enters a plea. *See, e.g.*, *In re Reno*, 32 N.W.2d 723 (Mich. 1948); *Swanigan*, 2008 WL 4534165 at *3 ("Under Michigan law, a plea to the information waives any challenge to irregularities in the complaint."). That objections to a defective complaint or warrant are subject to waiver only reinforces the conclusion that such defects do not, as plaintiff argues here, impact a court's subject matter jurisdiction. *See Lown*, 794 N.W.2d at 23 ("Because [subject matter jurisdiction] concerns a court's power to hear a case, it is not subject to waiver.").

*Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).  The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.  A party may respond to another party's objections within 14 days after being served with a copy.  *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1).  Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 16, 2013.

                                        s/Felicia M. Moses
                                        FELICIA M. MOSES
                                        Case Manager