UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OMAR SUMPTER,

               Plaintiff,                         Case No. 12-13958

                                                        Paul D. Borman
v.                                               United States District Judge

                                                        David R. Grand
MARYLIN E. ATKINS, Judge,                   United States Magistrate Judge
in her individual and official capacity,
ABED HAMMOUD, in his individual
and official capacity, and
ALLEN COX, IV, in his individual and
official capacity,

               Defendants.
_____/

OPINION AND ORDER (1) ADOPTING MAGISTRATE JUDGE DAVID R. GRAND'S
JANUARY 16, 2013 REPORT AND RECOMMENDATION (ECF NO. 20); and
(2) GRANTING JUDGE MARYLIN E. ATKINS'S MOTION TO DISMISS (ECF NO. 5)

      This matter is before the Court on Plaintiff's objections (ECF No. 22) to the Magistrate

Judge's January 16, 2013 Report and Recommendation to Grant Defendant Marylin E. Atkins's

Motion to Dismiss (ECF No. 20). A district court judge reviews *de novo* the portions of the report

and recommendation to which objections have been filed. 28 U .S.C. § 636(b)(1); Fed. R. Civ. P.

72(b). A district "court may accept, reject, or modify, in whole or in part, the findings or

recommendations made by the magistrate judge." *Id.* Having conducted a *de novo* review of the

parts of the Magistrate Judge's Report and Recommendation to which objections have been filed

pursuant to 28 U.S.C. § 636(b)(1), the Court DENIES Plaintiff's Objections, ADOPTS the

Magistrate Judge's Report and Recommendation, and GRANTS Judge Atkins's motion to dismiss

(ECF No. 5.)

## I.      BACKGROUND

The factual background is adequately presented in detail in the Magistrate Judge's report and recommendation and the Court incorporates it here.  (ECF No. 20, Report and Recommendation 2-4.)  In sum, Plaintiff filed this *pro se* action under 42 U.S.C. § 1983 alleging that his state court arrest and prosecution violated his constitutional rights.  Plaintiff seeks relief from, among other defendants, Defendant Marilyn E. Atkins, the state court judge who issued the warrant for his arrest and who now moves to dismiss the claims against her based upon judicial immunity.

The essence of Plaintiff's claim against Judge Atkins is that the criminal complaint against him was not properly subscribed and authorized, that there was no probable cause for his arrest and that Judge Atkins therefore acted outside her capacity as a judge and  "lacked jurisdiction" to issue the warrant for Plaintiff's arrest.  Plaintiff's objections repeat this claim, asserting that the criminal complaint was not properly presented or supported by an oath and was not based upon the personal knowledge of the alleged affiant and that there was no probable cause for issuance of the warrant. For the reasons that follow, the Court concludes that the Magistrate Judge properly concluded that Judge Atkins acted within her judicial capacity and did not act in the complete absence of subject matter jurisdiction in issuing a warrant for Plaintiff's arrest.  Judge Atkins is, therefore, entitled to immunity from suit.

## II.      STANDARD OF REVIEW

A district court judge reviews *de novo* the portions of the report and recommendation to which objections have been filed. 28 U .S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  A district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the

magistrate judge." *Id.* Objections must be timely to be considered. A party who receives notice of the need to timely object yet fails to do so is deemed to waive review of the district court's order adopting the magistrate judge's recommendations. *Mattox v. City of Forest Park,* 183 F.3d 515, 519-20 (6th Cir.1999). "[A] party *must* file timely objections with the district court to avoid waiving appellate review." *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987) (emphasis in original).

Only those objections that are specific are entitled to a *de novo* review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir.1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id.* (internal quotation marks and citation omitted). A general objection, or one that merely restates the arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge. An "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir.1991).

Specific objections enable the Court to focus on the particular issues in contention. *Howard*, 932 F.2d at 509. Without specific objections, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrate's Act." *Id.* "'[O]bjections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings [the objector] believed were in error" are too summary in nature. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)).

3

III.    ANALYSIS

"Judicial officers generally are absolutely immune from civil suits for monetary damages under § 1983 for their judicial actions." *Cooper v. Parrish*, 203 F.3d 937, 944 (6th Cir. 2000) (quoting *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991)). "Furthermore, '[b]y enacting the 1996 Federal Courts Improvement Act . . . Congress . . . expanded the ambit of judicial immunity by amending § 1983 so as to prohibit injunctive relief against a judicial officer.'" *Coleman v. Governor of Michigan*, 413 F. App'x 866, 873 (6th Cir. 2011) (quoting *Gilbert v. Ferry*, 298 F. Supp. 2d 606, 611 (E.D. Mich.2003) and Federal Courts Improvement Act of 1996, Pub.L. No. 104–317, § 309(c), 110 Stat. 3847, 3853 (codified at 42 U.S.C. § 1983)). "The rationale for granting judicial officers absolute immunity when they act in their judicial capacities is that judicial officers should be free to make controversial decisions and act upon their convictions without fear of personal liability." *Cooper*, 203 F.3d at 937.

"Judicial actions" include conduct that is "related to [the] general judicial functions" of the office and that, a judge "would normally perform" in his judicial capacity. *Cooper*, 203 F.3d at 946. "The Supreme Court has explained that courts should focus on the 'nature' and 'function' of an act, and not the act itself, when deciding whether certain actions were taken in a judge's judicial capacity." *Id*. at 945 (citation omitted). Although immunity is absolute, it will be unavailable in two specifically defined circumstances:

> [A]bsolute judicial immunity is overcome only in two situations. First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction.
>
> Whether an action is judicial depends on the nature and function of the act, not the act itself. This functional analysis typically turns on two factors set forth by the Supreme Court in *Stump v. Sparkman*[, 435 U.S. 349, 362, 98 S.Ct. 1099, 55 L.Ed.2d

4

331 (1978)]. First, looking to the nature of the act, courts must determine whether it is a function normally performed by a judge. . . . Second, looking to the expectations of the parties, courts must assess whether the parties dealt with the judge in his or her judicial capacity.

*DiPiero v. City of Macedonia*, 180 F.3d 770, 784 (6th Cir. 1999) (additional internal citations and quotation marks omitted).

In determining the issue of judicial capacity, "paradigmatic judicial acts are those that involve resolving disputes between parties who have invoked the jurisdiction of a court." *Barnes v. Winchell*, 105 F.3d 1111, 1116 (6th Cir. 1997) (internal citations and quotation marks omitted). "It is well-settled in this Circuit that the issuance of an arrest warrant is a judicial act for judicial immunity purposes." *DiPiero*, 180 F.3d at 784 (citing *Ireland v. Tunis*, 113 F.3d 1435, 1441–42 (6th Cir. 1997) and *Foster v. Walsh*, 864 F.2d 416, 417–18 (6th Cir.1988)). Under Michigan law, "[t]he district court has the same power to issue warrants . . . as the circuit court now has or may hereafter have." Mich. Comp. Laws § 600.8317. Thus, issuing warrants was well within the functions that a state district court judge normally performs. There is no question that Judge Atkins was acting in her judicial capacity when she issued the warrant for Plaintiff's arrest. That she may have done so, according to Plaintiff, without probable cause does not rob the act of its judicial nature.

Nor has Plaintiff demonstrated that Judge Atkins was without subject matter jurisdiction in issuing the warrant for his arrest. In determining whether there was an absence of jurisdiction for purposes of judicial immunity, the term "jurisdiction" is broadly construed:

The term "jurisdiction" is to be broadly construed to effectuate the purposes of judicial immunity. *Stump*, 435 U.S. at 356, 98 S.Ct. at 1104-05. Acts done "in the clear absence of jurisdiction," for which no immunity is afforded, should be distinguished from actions in "excess of jurisdiction," which fall within the ambit of immunity protection. *Id*. at 357 n. 7, 98 S.Ct. at 1105 n. 7 (quoting *Bradley*, 80 U.S.

5

(13 Wall.) at 351-52). Thus, for example, a criminal court judge would be immune from liability for convicting a defendant of a nonexistent crime, an act taken in excess of his jurisdiction, whereas a probate court judge would not be immune from liability if he tried a criminal case because he clearly lacked all subject matter jurisdiction. *Id*. (citing *Bradley*, 80 U.S. (13 Wall.) at 352).

Generally, where a court has some subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes. *Adams*, 764 F.2d at 298. In *Sevier*, despite the fact that a judge of limited jurisdiction ordered the initiation of criminal and contempt proceedings, this court noted that the judge was "empowered to handle Juvenile Court cases ... [and], therefore, did not act in the clear absence of all jurisdiction." *Sevier [v. Turner]*, 742 F.2d [262] at 271 [(6th Cir. 1984)]; *see also Lopez [v. Vanderwater]*, 620 F.2d [1229] at 1234[(7th Cir. 1980)] (despite not being assigned to the particular branch of court, the judge was authorized by law to hear the kind of case in which he acted; his actions were not taken in clear absence of all jurisdiction).

*Barnes*, 105 F.3d at 1122.

In this case it is clear that Judge Atkins had sufficient subject matter jurisdiction over the issuance of the warrant for Plaintiff's arrest. The criminal complaint pursuant to which Plaintiff was charged in this case states that it was sworn under oath. While Plaintiff denies that the criminal complaint was adequately supported and sworn, this factual dispute does not diminish Judge Atkin's subject matter jurisdiction to entertain the criminal complaint and issue a warrant for Plaintiff's arrest. As the Magistrate Judge recognized, as a sitting Michigan district court judge, Judge Atkins was "empowered to preside over the criminal proceedings that flowed from [the complaint] . . . [e]ven assuming that there was a procedural problem with respect" to issuance of the complaint. *Barnes*, 105 F.3d at 1123. Judge Atkins plainly had jurisdiction to issue an arrest warrant for Plaintiff's arrest. *See* Mich. Comp. Laws § 600.8317. Even if Judge Atkins issued the warrant pursuant to a defective criminal complaint, she was not without jurisdiction to do so. "Even grave procedural errors or acts taken when no statute purports to confer on the court the authority purportedly exercised will not deprive a judge of judicial immunity." *Leech v. DeWeese*, 689 F.3d

6

538, 542-43 (6th Cir. 2012) (citation omitted).  Issuing a warrant pursuant to the criminal complaint against Plaintiff is a function that Judge Atkins is empowered to undertake.  "Subject matter jurisdiction concerns a court's abstract power to try a case of the kind or character of the one pending and is not dependent on the particular facts of the case."  *People v. Lown*, 488 Mich. 242, 268 (2011) (internal quotation marks, citations and emphasis omitted).[1]

## III.   CONCLUSION

Having conducted a *de novo* review of the Magistrate Judge's Report and Recommendation and Plaintiff's objections thereto, the Court finds that the Magistrate Judge correctly concluded that Judge Atkins's actions in this case were judicial in nature and were not taken in the complete absence of all jurisdiction and ADOPTS the Report and Recommendation.   (ECF No. 20.) Accordingly, Judge Atkins is entitled to judicial immunity and her motion to dismiss is GRANTED. (ECF No. 5.)

IT IS SO ORDERED.

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  August 6, 2013

---

[1]   It is clear to the Court that Judge Atkins was acting within her jurisdictional authority and engaging in an act of a judicial nature, and thus is entitled to judicial immunity in this case.  The Court notes, however, that under Michigan law the time for Plaintiff, who was tried and found guilty and sentenced to a period of incarceration, to challenge the validity of the warrant or complaint has long passed.  *See People v. Bohm*, 49 Mich. App. 244, 250-51 (1973) ("[W]here a defendant fails to object to the validity of the arrest warrant or the complaint upon which it is based at the arraignment when the trial court obtains jurisdiction of him by the filing of an information by the prosecuting attorney and defendant pleads thereto, that he cannot thereafter object to either the complaint or the warrant.").

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 6, 2013.

s/Deborah Tofil
Case Manager