UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OMAR SUMPTER,

       Plaintiff,

v.

MARYLIN E. ATKINS, Judge,
in her individual and official capacity,
ABED HAMMOUD, in his individual
and official capacity, and
ALLEN COX, IV, in his individual and
official capacity,

       Defendants.
_____/

Case No. 12-13958

Paul D. Borman
United States District Judge

David R. Grand
United States Magistrate Judge

OPINION AND ORDER DENYING PLAINTIFF'S "MOTION TO ALTER OR AMEND JUDGMENT OF THE COURT" (ECF NO. 30), WHICH IS CONSTRUED AS A MOTION FOR RECONSIDERATION OF THE COURT'S AUGUST 6, 2013 OPINION AND ORDER DENYING PLAINTIFF'S OBJECTIONS, ADOPTING MAGISTRATE JUDGE GRAND'S JANUARY 16, 2013 REPORT AND RECOMMENDATION AND GRANTING JUDGE MARILYN E. ATKINS'S MOTION TO DISMISS

On August 21, 2013, Plaintiff filed a "Motion to Alter or Amend Judgment of the Court." (ECF No. 30.) The motion asks the Court to reconsider ECF No. 29, the Court's August 6, 2013 Opinion and Order Adopting Magistrate Judge David R. Grand's January 16, 2013 Report and Recommendation. The relief sought by Plaintiff is in the form of a motion for reconsideration and the Court will construe it as such pursuant to E.D. Mich. L.R. 7.1(h). For the reasons that follow, Plaintiff's motion for reconsideration is DENIED.

Motions for reconsideration are governed by E.D. Mich. LR 7.1(h)(3), which states in pertinent part:

1

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. L.R. 7.1(h)(3). "A 'palpable defect' is a defect which is obvious, clear, unmistakable, manifest, or plain." *Ososki v. St. Paul Surplus Lines Ins. Co.*, 162 F. Supp. 2d 714, 718 (E.D. Mich. 2001). "A motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted." *Ford Motor Co. v. Greatdomains.com, Inc.*, 177 F. Supp. 2d 628, 632 (E.D. Mich. 2001). "A motion for reconsideration should not be used liberally to get a second bite at the apple, but should be used sparingly to correct actual defects in the court's opinion." *Oswald v. BAE Industries, Inc.*, No. 10-cv-12660, 2010 WL 5464271, at *1 (E.D. Mich. Dec. 30, 2010). *See also Maiberger v. City of Livonia*, 724 F. Supp. 2d 759, 780 (E.D. Mich. 2010) ("It is an exception to the norm for the Court to grant a motion for reconsideration. . . . [A]bsent a significant error that changes the outcome of a ruling on a motion, the Court will not provide a party with an opportunity to relitigate issues already decided.").

Plaintiff complains that the Court did not address individually each of his twelve "objections" to Magistrate Judge Grand's Report and Recommendation. (ECF No. 30, Mot. 7.) It is well established that the Court, having conducted a *de novo* review of the parts of a magistrate judge's report and recommendation to which objections have been filed, "'is not required to articulate all of the reasons it rejects a party's objections.'" *United States v. Tyson*, 265 F. Supp. 2d 788, 789 (E.D. Mich. 2003) (quoting *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich.

2001)).  In fact, of the twelve "objections" filed by Plaintiff, the Court addressed the substance of each and every one that pertained to the Magistrate Judge's recommendation that Judge Atkins be granted dismissal from this action based upon judicial immunity.

Plaintiff's motion for reconsideration presents the same arguments made in his opposition to Judge Atkins's motion to dismiss and in his objections to the Report and Recommendation, i.e. that the felony complaint did not bear the signature of the complaining witness and that therefore Judge Atkins was without jurisdiction, and/or acting outside of the scope of her judicial authority, in issuing the warrant for Plaintiff's arrest.  In fact, as Magistrate Judge Grand correctly concluded, Judge Atkins expressly attests by her signature on the felony complaint that the facts contained therein were "[s]ubscribed and sworn before [her]" on September 20, 2007.  (Pl.'s Compl. Ex. A, Felony Complaint.)    It is well established that "[d]etermination of whether a state court is vested with jurisdiction under state law is a function of the state courts, not the federal judiciary."  *Wills v. Egeler*, 532 F.2d 1058, 1059 (6th Cir. 1976).  Under Michigan law, "positive statements made upon the oath of the complainant give[] the magistrate jurisdiction to issue the warrant."  *People v. Burrill*, 391 Mich. 124, 130 n.6 (1974).  In order to obtain jurisdiction, the issuing judge is under no obligation to ascertain the truth of the statements sworn to in the complaint, nor is the issuing judge under an obligation to examine witnesses to determine whether the complaining witness has personal knowledge of the statements contained in the complaint.  *Id*.

As further evidenced by the Exhibits attached to Plaintiff's Complaint, Defendant Deputy Allen Cox, the investigating officer identified on the felony complaint as the complaining witness, later participated in an Investigative Subpoena hearing (Compl. Ex. B) relating to the substance of the facts set out in the felony complaint and prosecuting attorney Defendant Hammoud, whose

signature also appears on the felony complaint authorizing issuance of the warrant, participated in the preliminary examination before District Court Judge Donald Coleman, at which Plaintiff was represented by counsel, and following which Judge Coleman found sufficient probable cause to bind Plaintiff over for further proceedings. (Compl. Ex. C, Transcript of Preliminary Examination Hearing 292-93.) Plaintiff ultimately was tried, convicted by a jury, served a one-year term of incarceration, and a one-year period of parole, and is no longer in custody. (Compl. ¶¶ 3, 13, 20-21.)

Whether there was probable cause to issue the warrant is irrelevant for purposes of this Court's determination that Judge Atkins had jurisdiction when she issued a warrant for Plaintiff's arrest, an act that was well within the scope of her duties as a state district court judge and as to which she is entitled to absolute immunity under the law. Plaintiff merely repeats in his motion for reconsideration arguments that have already been considered and rejected by the Court, i.e. that the felony complaint was defective because it did not bear the signature of a complaining witness and that this deprived the state of court of jurisdiction over Plaintiff's case. These arguments, having been made and rejected, fail to demonstrate a palpable defect by which the Court and the parties have been misled.

Importantly, Plaintiff provides no basis for his claim that the absence of a complaining witnesses's signature renders the complaint defective where the complaint contains the express attestation of the state court district judge that the facts set forth in the complaint were subscribed and sworn before her. Even assuming *arguendo* that Plaintiff could establish a defect in the felony complaint, as both the Magistrate Judge and this Court have noted, under Michigan law, this does not divest the court of jurisdiction. "[E]ven if the complaint was defective and this defective complaint led to the issuance of an invalid arrest warrant, the court does not lose jurisdiction over

4

defendant." *People v. Payne*, No. 219727, 2000 WL 33400212, at *3 (Mich. Ct. App. Nov. 28, 2000) (citing *People v. Burrill*, 391 Mich. 124, 133; 214 NW2d 823 (1974)). *See also Swanigan v. Davis*, No. 08-cv-10544, 2008 WL 4534165, at *2 (E.D. Mich. Oct. 3, 2008) (quoting *Payne*, *supra*, and noting that "a criminal court in Michigan does not lack jurisdiction over a criminal case merely because the criminal complaint was somehow defective," and finding that the absence of the arresting officer's signature on a criminal complaint did not divest the court of jurisdiction).

Having failed to demonstrate a palpable defect by which the Court or the parties have been misled, the correction of which would result in a different disposition of the Court's August 6, 2013 Order adopting Magistrate Judge Grand's Report and Recommendation, denying Plaintiff's Objections and granting Judge Atkins's motion to dismiss, Plaintiff's motion for reconsideration is DENIED.

IT IS SO ORDERED.

                                          s/Paul D. Borman
                                          PAUL D. BORMAN
                                          UNITED STATES DISTRICT JUDGE

Dated: August 29, 2013

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 29, 2013.

                                          s/Deborah Tofil
                                          Case Manager