UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OMAR SUMPTER,

       Plaintiff,                                       Case No. 12-13958

                                                             Paul D. Borman
v.                                                      United States District Judge

                                                             David R. Grand
MARYLIN E. ATKINS, Judge,                United States Magistrate Judge
in her individual and official capacity,
ABED HAMMOUD, in his individual
and official capacity, and
ALLEN COX, IV, in his individual and
official capacity,

       Defendants.
_____/

OPINION AND ORDER (1) ADOPTING MAGISTRATE JUDGE DAVID R. GRAND'S
DECEMBER 6, 2013 REPORT AND RECOMMENDATION (ECF NO. 37); (2) DENYING AS
MOOT PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE OBJECTIONS (ECF
NO. 39)  (3) DENYING PLAINTIFF'S OBJECTIONS TO THE DECEMBER 6, 2013 REPORT
AND RECOMMENDATION (ECF NO. 40); (4) STRIKING PLAINTIFF'S JANUARY 2, 2014
"OBJECTION" (ECF NO. 41); (5) STRIKING PLAINTIFF'S JANUARY 17, 2014 "MOTION
FOR SUMMARY JUDGMENT" (ECF NO. 42); (6) GRANTING DEFENDANTS HAMMOUD
AND COX'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 23) AND
(7) DISMISSING PLAINTIFF'S COMPLAINT WITH PREJUDICE

       This matter is before the Court on Plaintiff's Objections (ECF No. 40) to Magistrate Judge

David R. Grand's December 6, 2013 Report and Recommendation to Grant Defendants' Motion to

Dismiss and for Summary Judgment.  (ECF No. 37, Report and Recommendation.)[1]  A district court

---

[1] On December 16, 2013, Plaintiff filed a motion for extension of time to object to the December 6, 2013 Report and Recommendation. (ECF No. 39.) On December 20, 2013, Plaintiff filed timely Objections. (ECF No. 40.) Accordingly, the Motion for Extension of Time is DENIED AS MOOT. Additionally, on January 2, 2014, Plaintiff filed another "Objection" to the Report and Recommendation (ECF No. 41) which was untimely and is STRICKEN.  Finally, on January 17,

judge reviews *de novo* the portions of the report and recommendation to which timely and specific objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* Having conducted a *de novo* review of the parts of the Magistrate Judge's Report and Recommendation to which timely and specific objections have been filed pursuant to 28 U.S.C. § 636(b)(1), the Court DENIES Plaintiff's Objections, ADOPTS the Magistrate Judge's Report and Recommendation, and GRANTS Defendants Hammoud and Cox's Motion to Dismiss and/or for Summary Judgment (ECF No. 23.)

## I. BACKGROUND

The factual background pertinent to the underlying motion is thoroughly presented in Magistrate Judge Grand's December 6, 2013 Report and Recommendation (ECF No. 37 p. 2-5), with additional factual background found in the Magistrate Judge's previous Report and Recommendation (ECF No. 20) and this Court's Order adopting that earlier Report (ECF No. 29). In sum, Plaintiff filed this *pro se* action under 42 U.S.C. § 1983 alleging that his state court arrest and prosecution violated his constitutional rights. Defendant Allen Cox is the Wayne County Sheriff who led the state court investigation into Sumpter's alleged involvement in a fraudulent real estate transaction and Defendant Abed Hammoud is the Wayne County prosecutor who assisted in the

---

2014, Plaintiff filed a document entitled "Motion for Summary Judgment," which states that "Plaintiff Sumpter is entitled to relief from entry of summary judgment based on the following grounds, more fully argued in the attached supporting brief." (ECF No. 42, 2 ¶ 4.) Whether construed as an untimely and unauthorized second response to Defendants' June 19, 2013 Motion to Dismiss and/or for Summary Judgment or as untimely further objections to the Magistrate Judge's December 6, 2013 Report and Recommendation, this filing is untimely and is STRICKEN.

investigation and ultimately prosecuted Sumpter criminally based upon that investigation.[2] The heart of Plaintiff's claim is his assertion that the underlying state court criminal complaint was defective because it did not bear the signature of the complaining witness, Defendant Cox.

## II.    STANDARD OF REVIEW

A district court judge reviews *de novo* the portions of the report and recommendation to which objections have been filed. 28 U .S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* Objections must be timely to be considered. A party who receives notice of the need to timely object yet fails to do so is deemed to waive review of the district court's order adopting the magistrate judge's recommendations. *Mattox v. City of Forest Park,* 183 F.3d 515, 519-20 (6th Cir.1999). "[A] party *must* file timely objections with the district court to avoid waiving appellate review." *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987) (emphasis in original).

Only those objections that are specific are entitled to a *de novo* review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir.1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id.* (internal quotation marks and citation omitted). A general objection, or one that merely restates the arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge. An "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection.

---

[2] The Court previously dismissed Defendant Judge Marylin Atkins on the grounds of judicial immunity. (ECF No. 29, Order Adopting Report and Recommendation to Dismiss.)

*Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir.1991).

Specific objections enable the Court to focus on the particular issues in contention. *Howard*, 932 F.2d at 509. Without specific objections, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrate's Act." *Id*. "'[O]bjections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings [the objector] believed were in error" are too summary in nature. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)).

### III.    ANALYSIS

#### A.    Plaintiff's First and Seventh Objections

These Objections fail to identify portions of the Report to which Plaintiff objects and rather attack the Magistrate Judge's legal conclusions as a whole and generally criticize Magistrate Judge Grand's exercise of his power as a magistrate judge. "'[O]bjections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings [the objector] believed were in error" are too summary in nature. *Miller*, 50 F.3d at 380. These Objections are entirely summary in nature and are denied.

#### B.    Plaintiff's Second, Fourth and Fifth Objections

In his second, fourth and fifth Objections, Plaintiff objects to the Magistrate Judge's conclusion that Defendant Hammoud's actions were taken in furtherance of his role as a prosecutor and objects to the conclusion that Hammoud is therefore entitled to prosecutorial immunity. Plaintiff has failed to point to any error in the Magistrate Judge's conclusion that Hammoud's alleged conduct in connection with the execution and prosecution of the criminal complaint was

"intimately associated with the judicial phase of the criminal process." (Report 9.) Plaintiff complains that Hammoud "wrongfully used investigative subpoenas" and acted without a proper felony information. All of this conduct, right or wrong, was taken in furtherance of Hammoud's duties as a prosecutor and Plaintiff has failed to demonstrate otherwise. Plaintiff has not identified any conduct on the part of Hammoud that was taken outside his role as prosecutor and the Magistrate Judge correctly concluded that Defendant Hammoud is entitled to prosecutorial immunity. These Objections are denied.

### C. Plaintiff's Third Objection

In his third Objection, Plaintiff objects to Magistrate Judge Grand's reliance on Judge Coleman's findings at Plaintiff's preliminary exam. Plaintiff claims that Judge Coleman was without jurisdiction when he conducted the preliminary exam because of the alleged defects in the criminal complaint. As this Court noted in its Orders granting Judge Atkins's motion to dismiss, "a criminal court in Michigan does not lack jurisdiction over a criminal case merely because the criminal complaint was somehow defective." (ECF No. 20, Report and Recommendation at 7; ECF No. 32 , Order Denying Motion for Reconsideration of Order Adopting Report and Recommendation at 5) (quoting *Swanigan v. Davis*, No. 08-cv-10544, 2008 WL 4534165, at *2 (E.D. Mich. Oct. 3, 2008)). Accordingly, the Court denies Plaintiff's third Objection.

### D. Plaintiff's Sixth Objection

Plaintiff objects to the Magistrate Judge's inadvertent error in referring to Ms. Snyder as Ms. Stanley in the Report and asks for clarification. It is clear from the context of the Report that Magistrate Judge Grand was referring throughout the Report to the same witness, Shirley Snyder, by reference to her testimony at Exhibit B of Plaintiff's Complaint. No clarification is necessary

5

and this objection is denied.

## IV. CONCLUSION

Having conducted *de novo* review of those portions of the Magistrate Judge's Report and Recommendation to which timely and valid Objections have been filed, the Court DENIES Plaintiff's Objections (ECF No. 40), ADOPTS Magistrate Judge Grand's December 6, 2013 Report and Recommendation (ECF No. 37), GRANTS Defendants Hammoud and Cox's Motion to Dismiss and/or For Summary Judgment (ECF No. 23) and DISMISSES Plaintiff's Complaint with Prejudice.

For the reasons explained *supra* at Note 1, the Court also DENIES AS MOOT Plaintiff's Motion for Extension of Time (ECF No. 39) and STRIKES Plaintiff's "Objection" (ECF No. 41) and STRIKES Plaintiff's "Motion for Summary Judgment." (ECF No. 42.)

IT IS SO ORDERED.

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: March 31, 2014

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 31, 2014.

s/Deborah Tofil
Case Manager