UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OMAR SUMPTER,

       Plaintiff,

v.

MARYLIN E. ATKINS, Judge,
in her individual and official capacity,
ABED HAMMOUD, in his individual
and official capacity, and
ALLEN COX, IV, in his individual and
official capacity,

       Defendants.
_____/

Case No. 12-13958

Paul D. Borman
United States District Judge

David R. Grand
United States Magistrate Judge

OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

Before the Court is Plaintiff's Motion for Reconsideration of the Court's March 31, 2014 Opinion and Order Adopting Magistrate Judge David R. Grand's Recommendation to Grant Defendants' Motion to Dismiss or For Summary Judgment. (ECF No. 45, Mot. Recon.; ECF No. 43, Opinion and Order.)   For the reasons that follow, the Court DENIES the Motion for Reconsideration.

Motions for reconsideration are governed by E.D. Mich. LR 7.1(h)(3), which states in pertinent part:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. L.R. 7.1(h)(3). "A 'palpable defect' is a defect which is obvious, clear, unmistakable, manifest, or plain." *Ososki v. St. Paul Surplus Lines Ins. Co.*, 162 F. Supp. 2d 714, 718 (E.D. Mich. 2001). "A motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted." *Ford Motor Co. v. Greatdomains.com, Inc.*, 177 F. Supp. 2d 628, 632 (E.D. Mich. 2001). "A motion for reconsideration should not be used liberally to get a second bite at the apple, but should be used sparingly to correct actual defects in the court's opinion." *Oswald v. BAE Industries, Inc.*, No. 10-cv-12660, 2010 WL 5464271, at *1 (E.D. Mich. Dec. 30, 2010). *See also Maiberger v. City of Livonia*, 724 F. Supp. 2d 759, 780 (E.D. Mich. 2010) ("It is an exception to the norm for the Court to grant a motion for reconsideration. . . . [A]bsent a significant error that changes the outcome of a ruling on a motion, the Court will not provide a party with an opportunity to relitigate issues already decided.").

Plaintiff objects that the Court did not consider and rule on the merits of his "Motion for Summary Judgment" that was filed on January 17, 2014, more than a month after Magistrate Judge Grand issued his Report and Recommendation to dismiss Plaintiff's claims pursuant to Fed. R. Civ. P. 12(b)(6). Although Defendants Hammoud and Cox styled their motion as one to dismiss and for summary judgment, neither Magistrate Judge Grand nor this Court relied on matters outside of Plaintiff's Complaint and its exhibits in concluding that Hammoud and Cox were entitled to dismissal of Plaintiff's claims pursuant to Fed. R. Civ. P. 12(b)(6).[1] The motion was styled in the

---

[1] For the sake of clarity, the Court has filed an Amended Opinion and Order revising only the caption of its Original Order to reflect the full title of Defendants' Motion to Dismiss and For Summary Judgment Pursuant to Fed. R. Civ. P. 12(b)(6) and R. 56(c). As reflected in the first and last paragraphs of the Court's Original Opinion and Order, the Court clearly understood that the motion under consideration was one to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) but failed to fully

alternative but the Court treated the motion only as seeking dismissal under Fed. R. Civ. P. 12(b)(6), accepted as true all well-pleaded allegations of Plaintiff's Complaint and did not convert the motion to one for summary judgment. (Report at 5 n. 3.) The Court never mentioned nor applied Fed. R. Civ. P. 56 in analyzing Plaintiff's claims or reaching its conclusions. Plaintiff filed, and the Court duly considered, his response to the Defendants' motion to dismiss (ECF No. 26) as well as his Objections to Magistrate Judge Grand's Report and Recommendation (ECF No. 40). The Court did not err in failing to address the merits of Plaintiff's "Motion for Summary Judgment."

Plaintiff also objects that the Court did not consider his timely filed Objections to the Magistrate Judge's Report and Recommendation. The Report and Recommendation was issued on December 6, 2013 and the Court did consider Plaintiff's timely filed Objections which were filed with the Court on December 20, 2013. (ECF No. 40.) Although the Court denied the Objections on substantive grounds as explained in its March 31, 2014 Opinion and Order, it did thoroughly consider Plaintiff's timely filed Objections. The Court did not consider, and did strike, Plaintiff's second set of Objections which were filed on January 2, 2014 and were untimely. Accordingly, the Court did not err with regard to its consideration of Plaintiff's timely filed Objections.

The remainder of Plaintiff's Objections merely ask the Court to revisit "the same issues already ruled upon by the court, either expressly or by reasonable implication," and fail to identify a palpable defect by which the Court or the parties have been misled. *Ford Motor*, 177 F. Supp. 2d

---

repeat the alternative title in the caption of the Order. While it is clear that both Magistrate Judge Grand, and this Court in reviewing his Report and Recommendation, treated the motion only as one to dismiss under Rule 12(b)(6), the Court will file an Amended Opinion revising the caption for the sake of clarity.

at 632. Accordingly, Plaintiff's Motion for Reconsideration is DENIED.

IT IS SO ORDERED.

                                                s/Paul D. Borman
                                                PAUL D. BORMAN
                                                UNITED STATES DISTRICT JUDGE

Dated: April 9, 2014

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 9, 2014.

                                                s/Deborah Tofil
                                                Case Manager